Each side has 20 minutes allotted in this case, but we might not take all of it this time. Thank you, Your Honor. May it please the Court, Jeffrey McCoy for Chinook Landing, LLC. I would like to begin with the question of this Court's jurisdiction and whether it should be transferred to the Federal Circuit, as this Court asked us to be prepared for. And, Your Honor, whether or not this Court has jurisdiction very similar to the Tucker Act claim or the supposed Tucker Act claim in the last, it's how this Court defines the Tucker Act claim here. We do believe that this should be transferred because we believe that it is our little Tucker Act claim is seeking past damages and the Quiet Title Act claim is looking into the future. I did submit a 28-J letter. The standard, I think, is laid out well in Doe v. United States from the Federal Circuit and basically talks about what's the relief. And I'd just like to read a line from Doe, which it was interpreting Motaz, which is a Quiet Title Act case. The Supreme Court said, The Court explained that the plaintiff in Motaz was not seeking whatever compensation she was entitled to. At the time, the government allegedly took property that she allegedly had interest in. Rather, she was claiming that she still owed her interest in the property and was seeking to force the government to buy those interests. And here we have two separate claims. One is the little Tucker Act claim, which was from 2014 when Mr. Lund revoked permission to essentially when he filed the Quiet Title Act claim. That, under First English, is a temporary physical taking. That was the allegation. And then the Quiet Title Act claim is saying, okay, going forward, you are not allowed to use it unless, as my friend from the other side explained, the Quiet Title Act does allow you to essentially exercise them in a domain and purchase the position. So we do see them as two separate claims. And, yes, there is some confusion about where it falls. And that's why it was, I mean, we filed here in the court that has broader jurisdiction. But, ultimately, we do believe that under 1631 and under the, as this court said in Amity, 1631 is a very low bar to transfer. And because of all of these different issues that you just spent an hour debating, we do feel that there was some uncertainty. But now, at this point, we do believe that it should be transferred to the federal circuit. And the complaint, if I'm reading it correctly, expressly, this is paragraph 12, asked for an award of compensation. You're seeking monetary. Yes, monetary damages for that temporary taking. Under the first motion to dismiss, the court viewed, the magistrate judge actually suggested or recommended dismissing the Tucker Act claim because of these arguments that have been made earlier today. The district court did not adopt that and called it an alternative theory. I think it's a separate claim and not an alternative theory because of First English. And there was some confusion also because Mr. Lund passed away. I had conversations with my friend from the other side. And the impression I got, and obviously he can clarify when he's on, the impression I got is that he didn't really see any difference between the Kauai Title Act claim and the Tucker Act claim because we took the position that the estate owns the Tucker Act claim because the estate was the owner of the property at the time of the taking. The estate eventually transferred all claims, so that's not an issue anymore. But I think this was a fundamental different understanding of what the claims were. But we do think under First English it's a temporary taking, and then we have a Kauai Title Act claim about what the government will do going forward. And that's why we do think that it should be transferred to the federal circuit at this time. If you'd like, I can address some of the merits. Why don't we hear from the government, and maybe we can bring you back to the middle. Okay. All right. Thank you. Good morning again. Sean Martin for the United States. The United States agrees with counsel that this appears to be exclusive jurisdiction in the federal circuit. Not just the form, but the substance of the little Tucker Act claim in the district court was for money damages for past takings. And in light of this court's prior decisions, including Brandt, it appears that there's not jurisdiction in this court, and the question is, is the court inclined to transfer it or dismiss it? And obviously at this point, I'm sure the panel's had a chance to look at the various arguments, statute of limitations, and the merits. There's a full summary judgment record. It's the panel's determination, but it seems that the case law recognizes, even when a court doesn't have jurisdiction, that if it views a case as a sure loser, then it has discretion to decide to dismiss a case rather than clog up another court's docket or waste resources. But would that be a dismissal for lack of jurisdiction? It wouldn't be a dismissal on the merits, right? Correct. And it would be for lack of jurisdiction, so it wouldn't be with prejudice, so they could still file again. I guess I'm not understanding. Is there a reason why you think one is better than the other? They'd be time-barred, right? Because if we dismiss the appeal, they're untimely in appealing to the federal circuit, right? That may be true. That may be true. But you don't, other than your view that the appeal lacks merit, you don't have any other theory on which we would deny transfer, do you? It's just the panel's view of the interest of justice under 1631. The interest of justice here is that apparently neither side recognized the exclusive jurisdiction of the federal circuit. That's certainly true. It seems like it might be in the best interest of justice to send this to the federal circuit and let them figure this out. That may be true, Your Honor. I don't think we have more questions. If you'd like rebuttal time, you're welcome to it. No, I'll just briefly say, Your Honor, because I didn't cite Amity, it's 793 after 991. Again, that's a low bar for transfer, and it seems like, I mean, it's been fully briefed. So while another court will have to decide it, I don't think there's going to be much to add, and it can be resolved in a timely manner and won't prejudice either of the parties either. Thank you. Thank you, both sides, for the helpful arguments. This case is submitted.
judges: BYBEE, FRIEDLAND, MILLER